UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VMC REO, LLC,

    Plaintiff,

v.

NETTIE B. WHITLOW,

    Defendant.
_____/

No. 24-12665

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME [4]
AND REMANDING CASE TO STATE COURT**

Plaintiff VMC REO, LLC initiated eviction proceedings against Defendant Nettie B. Whitlow in state court, but Defendant, acting pro se, removed the matter to this Court. (ECF No. 1.) Upon its initial review of the case, the Court issued on order requiring Defendant to show cause in writing as to why this case should not be remanded for lack of subject matter jurisdiction.[1] (ECF No. 3.) The order provided notice under Eastern District of Michigan Local Rule 41.2 of the Court's intention to remand this case on its own motion for lack of jurisdiction, unless Defendant could demonstrate that the Court does have jurisdiction. Defendant now brings a motion for an extension of time to respond to the Court's order. (ECF No. 4.) Defendant does not address the issue of this Court's jurisdiction. Instead, she states that she needs an extension so she can "seek legal assistance due to the complexity of the case." This case, however, is not complex,

---

[1] "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1

nor does it appear that Defendant can cure the jurisdictional defects identified by the Court in its previous order. Thus, the Court DENIES Defendant's motion for an extension of time and REMANDS this case to state court.

In her notice of removal, Defendant claims that the Court has federal question jurisdiction because of an alleged violation of her due process rights under the United States Constitution due to inadequate notice and improper initiation of the eviction action by Plaintiff. Defendant also states that the underlying mortgage of the property was improperly executed, which raises questions under the Truth in Lending Act and the Real Estate Settlement Procedures Act. Defendant relies on diversity jurisdiction in the alternative based on her assertions that Plaintiff is "a Delaware corporation limited liability company with its principal place of business in Wilmington, Delaware," she is a citizen of Michigan, and the value of the property at issue exceeds the statutory threshold.

Federal question jurisdiction under 28 U.S.C. § 1331 arises where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). "[The well-pleaded complaint] rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (internal quotation marks and citation omitted). "Thus, the existence of a federal defense normally does not create federal-question jurisdiction." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013) (quotation marks and citation omitted).

Here, Plaintiff filed its complaint in state court using a state court form "to recover possession of property." (*See* ECF No. 1-1, PageID.16.) This is a state law claim, and there are no allegations that give rise to a federal claim on the face of the complaint. While Defendant references federal law and the U.S. Constitution as part of her defenses in the notice of removal, these assertions are insufficient to create federal question jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332 exists where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Because Defendant does not properly plead the citizenship of Plaintiff, *see Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members."), it is unclear whether the parties are diverse. But even if the parties are diverse and the amount in controversy requirement is met, under the forum defendant rule, a case that is removable solely on the basis of diversity jurisdiction "may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). Because Defendant is admittedly a citizen of the state of Michigan, she cannot remove a case from a Michigan state court to this Court based on diversity jurisdiction alone.

For the foregoing reasons, Defendant's motion for an extension of time is DENIED, and this case is REMANDED to the 14A District Court in Ann Arbor, Michigan.

SO ORDERED.

                                                 s/Nancy G. Edmunds
                                                 Nancy G. Edmunds
                                                 United States District Judge

Dated: October 28, 2024